UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willoughby II Homeowners Association, | Civ. No. 20-777 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Hiscox Insurance Company, Inc., | |
| Defendant. | |

Adina R. Bergstrom, Esq., Brenda M. Sauro, Esq., Sauro & Bergstrom, PLLC, counsel for Plaintiff.

Christopher L. Goodman, Esq., Kenya C. Bodden, Esq., Thompson, Coe, Cousins & Irons, LLP, counsel for Defendant.

This matter is before the Court on Defendant Hiscox Insurance Company's ("Hiscox") Motion to Strike Errata Sheet of Plaintiff's Rule 30(b)(6) Designee Lynn Berghs. (Doc. No. 69.) The Court held a hearing on the matter on June 21, 2021. (Doc. No. 100.) For the reasons stated below, the Court grants in part and denies in part the motion.

## BACKGROUND

Lynn Berghs is the president of Plaintiff's board of directors, and Plaintiff designated her to testify as a Rule 30(b)(6) witness in this case. Defendant's counsel deposed Ms. Berghs on April 20, 2021, and a transcript of her testimony was sent to all counsel via email on April 28, 2021. Following receipt of the transcript, Ms. Berghs prepared an errata sheet for the deposition transcript and signed that errata sheet on

May 5, 2021. Defendant received the errata sheet on May 17, 2021. Defendant requests that the Court strike the errata sheet, asserting that it makes substantive changes to the deposition testimony without sufficient justification.

## DISCUSSION

Courts retain discretion to strike substantive changes made in errata sheets, if the deponent fails to provide "sufficient justification." *See Sanny v. Trek Bicycle Corp.*, No. 11-2936 (ADM/SER), 2013 WL 1912467, *14 (D. Minn. May 8, 2013) (applying the flexible approach articulated by the Third Circuit Court of Appeals, and citing *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 267–68 (3d Cir. 2010)); *see also Holverson v. ThyssenKrupp Elevator Corp.*, No. 12-2765 (ADM/FLN), 2014 WL 3573630 (D. Minn. July 18, 2014) ("The flexible approach set forth by the Third Circuit Court of Appeals provides an appropriate balance between fairness and efficiency.").[1] The Court finds the changes made by Ms. Bergh on her errata sheet are substantive changes. Therefore, the next question is whether Ms. Bergh provided "sufficient justification" for her changes. The Court will address each change separately below.

---

[1] Deponents are allowed to make changes to their sworn deposition testimony in certain circumstances. *See* Fed. R. Civ. P. 30(e). Rule 30(e) allows a deponent to "review the transcript or recording" and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." *Id.* "Despite this language, courts are split on the latitude to be afforded a deponent under Rule 30(e) to change his or her testimony with no controlling authority in the Eighth Circuit." *Jayne v. City of Sioux Falls*, No. 4:18-CV-04088-KES, 2020 WL 3489968, at *2 (D.S.D. June 26, 2020) (citations omitted).

I.     **Page 67 lines 4–5 and Page 67 lines 23–24**

Plaintiff signed the errata sheet and provided two pages of handwritten comments. (Doc. No. 92, Decl. of Lynn Berghs ¶ 3, Ex. A.) On the errata sheet, Ms. Bergh writes:

> P.67 lines 4–5 Object - counsel implies that this is something I was "told" to say versus being factual truth. He is not only incorrect but implies that I am lying. P.67 line 23–24 again, implies I am lying. State law – if counsel understood it – and our governing docs – spell out has common elements and limited common elements are handled and that board has [discretion] with both.

(*Id.*) These proposed changes are not contemplated by Rule 30. Even if they were, there is no sufficient justification to allow these changes.

II.    **Page 74 lines 15–24**

Ms. Bergh provided handwritten comments regarding page 74 lines 15–24 as well, seeking to add to her testimony. (*See id.*) Plaintiff and her counsel claim that counsel "cut [her] out several times so [she] was prevented from adding this." (*Id.*; *see also* Doc. No. 89, Pl.'s Mem. of Law in Opp'n 4–6.) The Court has reviewed this testimony and the testimony immediately before and after page 74 lines 15–74, and notes that this testimony was follow-up to direct examination by Plaintiff's counsel – Ms. Sauro. Defendant's counsel resumed questioning at pages 70 through 77. The transcript does not indicate that the witness was interrupted by counsel so that the witness could not provide a full answer.[2] At the end of Defendant's counsel's questioning, Plaintiff's counsel stated that

---

[2]    The only objection made at pages 70 through 77 was to form: "Object to the form. Foundation. If you know." (Doc. No. 81, Decl. of Christopher L. Goodman in Supp. of

she had "[n]othing further." (Goodman Decl. ¶ 3, Ex. A at Tr. 78.) There is no sufficient justification to allow these changes.

### III.     Page 52 lines 9–21, Page 54 lines 23–25, and Page 55 lines 1–2

The remaining comments and changes that Ms. Bergh provided on the errata sheet relate to the testimony provided at page 52 lines 9–21, page 54 lines 23–25, and page 55 lines 1–2. With respect to this testimony, Ms. Bergh claims that she was mistaken in stating that "the timing of the notice given to Chubb for a potential D&O claim" and that she should have testified that rather than in 2018 "the denial of the claim didn't occur until 2020 and that is what prompted us to file notice with Chubb." (Doc. No. 92, Decl. of Lynn Berghs ¶ 3, Ex. A (emphasis in original).) Defendant offered to permit Ms. Bergh to replace the 2018 with 2020; however, Ms. Bergh and Plaintiff's counsel declined that offer. Apparently, Ms. Bergh and counsel seek not only to correct the mistake, but to replace her answers with the following explanation and footnotes:

> In re-reading this, I realize I was mistaken in stating the timing of the notice given to Chubb for a potential D & O claim. It was not in 2018, because we didn't have a concern about an irate Homeowner blaming the board UNTIL we were informed that claim was being denied by Hiscox. (After all, why would a homeowner be upset if the claim was resolved?) The denial of the claim didn't occur until 2020 and that is what prompted us to file notice with Chubb. Reading this now I was prompted by seeing the date of the Chubb response being 4/3/2020, so that makes sense vis-à-vis the timing of the denial, and our filing notice w/Chubb shortly thereafter, followed by that 4/3/20 response.*
>
> With regard to the reason for filing – I now recall that we were told back in 2018 that we legally had 2 years from the time of the storm to file an insurance claim.** As a result, that concern about timing was resolved

---

Def.'s Mot. ("Goodman Decl.") ¶ 3, Ex. A at Tr. 74–75.) But that objection was after the testimony at issue. And after that objection, Defense counsel rephrased.

4

>and thus <u>NOT</u> what prompted the Assn. to file notice w/Chubb. Rather, it was in 2020, <u>after</u> the claim was <u>denied</u>, out of concern that someone could then decide to blame the board.

(*Id.* (emphasis in original).)[3]

There is no justification for the Court to replace the deposition testimony with the witness's blanket explanation and argument as proposed. The plain language of the Rule 30 requires the witness to sign a statement "listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). The use of the deposition errata sheet as proposed by the witness and Plaintiff's counsel here is an inappropriate use of Rule 30(e). Not only does Ms. Bergh's errata sheet make substantive changes to her testimony, but she significantly expands upon her answers. Permitting such changes (i.e., explanations) to the deposition transcript "is unjust and inefficient and would render deposition testimony meaningless." *See Elsherif v. Mayo Clinic*, No. 18-2998 (DWF/KMM), 2020 WL 6743482, at *2 (D. Minn. Nov. 17, 2020) ("Rule 30(e) does not turn a deposition into a take home examination that allows a deponent to alter what was said under oath.") (quotations omitted).

With that said, as to the answers provided at page 52 lines 9–21, page 54 lines 23–25, and page 55 lines 1–2, there is sufficient justification to permit Ms. Bergh to correct her mistake in the year provided – to change 2018 to 2020. Therefore, the Court

---

[3]     Ms. Bergh used the symbols "*" and "**" to denote her footnotes. The first footnote stated the following: "A 4/3/20 response to 'notice of potential claim' filed in 2018 makes no sense. I remember thinking that during the deposition but in the heat of the moment I didn't connect with that." (*Id.*) The second footnote stated, "By both [illegible] and [illegible]." (*Id.*)

5

will allow the following statements from the errata sheet regarding the testimony at page 52, lines 9–21 to remain:

- "I was mistaken in stating the timing of the notice given to Chubb for a potential D&O claim. It was <u>not</u> in 2018, because we didn't have a concern about an irate homeowner blaming the board UNTIL we were informed that claim was being <u>denied</u> by Hiscox."

- "The <u>denial</u> of the claim didn't occur until 2020 and <u>that</u> is what prompted us to file notice with Chubb."

And, the Court will allow the following statement from the errata sheet regarding the testimony at page 54 lines 23–25 and page 55 lines 1–2 to be stated as:

- "[The timing of the notice given to Chubb for a potential D&O claim] was in 2020."

The original answers given by Ms. Bergh at the deposition, however, will remain in the record, leaving the District Judge to determine any evidentiary issues regarding the original answers provided and the changes permitted by this Order.

The remainder of the handwritten changes and statements by Ms. Bergh on the errata sheet are stricken for lack of substantial justification.

## ORDER

Based on the file, records, submissions, and arguments of counsel, and for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant Hiscox Insurance Company's Motion to Strike Errata Sheet of Plaintiff's Rule 30(b)(6) Designee Lynn Berghs (Doc. No. 69) is **GRANTED IN PART** and **DENIED IN PART** as follows.

1. The errata sheet is amended to reflect only the changes provided above. Therefore, the deposition testimony and corrections allowed are as follows:

Q. And what prompted the Association to report this directors and officers' claim?

A. There was discussion among the board once it was brought to our attention in 2018 that we potentially had significant storm damage and had not been aware of that prior to May of 2018. There was concern about whether there could be potential liability for any of the board members. It's our understanding that's why we have D&O coverage. And we felt it was appropriate to give notice that there could be a potential situation where a litigious homeowner would come after the board for not having known about the hail damage until 2018.

**Correction: I was mistaken in stating the timing of the notice given to Chubb for a potential D&O claim. It was <u>not</u> in 2018, because we didn't have a concern about an irate homeowner blaming the board UNTIL we were informed that claim was being <u>denied</u> by Hiscox. The <u>denial</u> of the claim didn't occur until 2020 and <u>that</u> is what prompted us to file notice with Chubb.**

Q. Do you know if it was submitted to Chubb in 2018?

A. Yes. It would have been submitted after May of 2018 when we first became aware of the potential for a hail claim.

**Correction: The timing of the notice given to Chubb for a potential D&O claim was in 2020.**

2. The original deposition answers will remain in the record.

3. The remainder of the handwritten changes and statements by Ms. Bergh on the errata sheet are stricken.

Dated: July 21, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge